UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**STEVEN BRADLEY,**

　Plaintiff,

v.                                                          No. 4:25-cv-1077-P

**CAPITAL ONE BANK (USA), N.A.,**

　Defendant.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

　On November 25, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendations ("FCR"), ECF No. 30, to the Court regarding Defendant's Motion to Dismiss First Amended Complaint in the above-captioned case, ECF No. 13. The FCR recommended that the Defendant's Motion to Dismiss should be granted in part and denied in part. Defendant filed an Objection to the FCR on December 9, 2025. ECF No. 31. Plaintiff then filed a Response and Objections on December 17, 2025. ECF Nos. 34, 35. The Court accordingly conducted a *de novo* review of the FCR.

　As detailed below, the Court will **AFFIRM** and **ADOPT** the reasoning in both the Magistrate Judge's FCR and **OVERRULE** Defendant and Plaintiff's Objections.

### BACKGROUND

　Plaintiff, Steven Bradley, proceeding *pro se*, brings claims that Defendant Capital One Bank (USA), N.A. violated the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collections Practices Act ("FDCPA"). Plaintiff claims Defendant violated the FCRA by "continui[ing] to furnish, report, or permit recording of the dispute tradeline to consumer reporting agencies ["CRA's"] or otherwise treated the disputed tradeline as valid" and then failed to conduct a reasonable

investigation in response to the dispute of the violation. ECF No. 8 at 2, 4. Plaintiff next alleges Defendant violated the FDCPA because it did not "provide sufficient validation and continued collection/reporting activity" even after positing his dispute. ECF No. 8 at 4. Plaintiff asserts that Capital One willfully disregarded its obligations and thus asserts aggravating factors. Plaintiff thus requests statutory, actual, and punitive damages adding up to $250,000, costs and expenses, and an order requiring permanent deletion of the disputed tradeline. ECF No. 8 at 5–6. Capital One counters that Plaintiff failed to state an FCRA claim because he did not properly allege that any CRA sent it notice of Plaintiff's dispute. ECF No. 13 at 1–2. Capital One also argues Plaintiff fails to state an FDCPA claim because it is not a "debt collector" according to the statute. ECF No. 13 at 2.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id*.

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This rule must be interpreted in conjunction with Federal Rule of Civil Procedure 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

Plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a

right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (cleaned up). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (cleaned up). A "court may consider documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (cleaned up). If a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

The Court grants *pro se* litigants leeway compared to parties with counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825–26 (1977)). Thus, a court asks "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone et al.*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024)(cleaned up).

## ANALYSIS OF OBJECTIONS

### A.     Plaintiff Properly States its FCRA Claim.

The Court agrees with the Magistrate Judge's conclusions that Plaintiff successfully states its FCRA claim. "To recover against a

furnisher for violations of § 1681s-2(b), a plaintiff must show that: (1) he disputed the accuracy or completeness of information with a [CRA]; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation . . . ." *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014) (cleaned up). But, "a private right of action under section 1681s-2(b) does not arise from communications between the consumer and furnisher." *Henry v. Capital One bank (USA), N.A.*, No. 3:17-cv-2962-M0BK, 2018 WL 4346727, at *2 (N.D. Tex. Aug. 9, 2018), *rec. adopted*, No. 3:17-cv-2962-M, 2018 WL 4335834 (N.D. Tex. Sept. 11, 2018). "[D]irect notification by the consumer does not trigger a furnisher's duties under § 1681s-2(b)." *Hunsinger v. Sko Brenner Am., Inc.*, No. 3:13-cv-0988-D, 2014 WL 1462443, at *7 (N.D. Tex. Apr. 15, 2014). "Instead . . . 'any liability for a violation of section 1681s-2(b) would not arise unless [Defendants] had been notified of an inaccuracy [by a CRA] and failed to correct the error.'" *Henry*, 2018 W: 4346727 at *2.

There is a disagreement over whether a CRA notified Defendant about the dispute instead of Plaintiff. Defendant claims Plaintiff only directly notified it about the disputed tradeline instead of via a CRA. But, Plaintiff alleged in its response that a TransUnion credit report contained a notation of a relevant "[a]ccount previously in dispute" that would make it plausible that the CRA notified Defendant about the tradeline at issue. ECF No. 25 at 5. Such a notation arises when the CRA has transmitted the dispute notification to the furnisher—which would be the Defendant here. ECF No. 25 at 5. While traditionally it would not be proper to make such an allegation for the first time in a response, the recommendation properly construed the allegation in the Response as a Motion to Amend because the litigant proceeds *pro se*. And despite Defendant's counter-assertion that the notation did not arise from a CRA notification, because the Court construes allegations at the motion to dismiss stage in favor of Plaintiff, Plaintiff states a claim.

Defendant objects that Plaintiff failed to allege any facts that he sent the Dispute Letter to any CRA and instead the Dispute Letter was sent to Capital One. But the notation provides a plausible basis to believe that Plaintiff was the means by which the dispute was brought to the

4

CRA's attention in the first instance even if Capital One was also directly notified.

Defendant also objects that a consumer dispute submitted to the CRA in accordance with the FCRA is not the only means by which such a dispute notation could arise on Plaintiff's credit report. It argues that Plaintiff fails to cite a basis for asserting that it is the exclusive means by which such a dispute notation would be inserted into a credit report. But—even so—it is plausible that the dispute notation arose from such a letter.

### B.   Plaintiff Fails to State its FDCPA Claim.

The Court agrees with the Magistrate Judge's conclusions that Plaintiff's FDCPA claim, however, should be dismissed. But, in order for the FDCPA to apply to Defendant, Defendant must be a "debt collector" under the statute except for under rare circumstances. But Plaintiff does not plausibly allege Defendant to be a debt collector.

A "debt collector is one whose principal purpose … is the collection of debts" or who regularly collects or attempts to collect … debts owed or due or asserted to another." *Infante v. Law Office of Joseph Onwuteaka, P.C.*, 735 F. App'x 839, 842 (5th Cir. 2018) (citing 15 U.S.C. § 1692a(6)) (cleaned up). But a "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).

Plaintiff alleges its FDCPA claim based on one of its accounts with Defendant because Defendant extended credit to Plaintiff and thus created a debt. Bradley contends that Capital One used other names when collecting debts via "separate departments and third-party servicing names" and thus the FDCPA requirements apply to it. Plaintiff fails, however, to demonstrate that Defendant could plausibly be construed as a debt collector under the statute because it is a creditor under the statute and is attempting to collect a debt that belongs to itself. § 1692a(6)(f).

Accordingly, Plaintiff fails to state a FDCPA claim.

### C.   The Court Does Not Grant Plaintiff Leave to Amend.

The Court agrees with the Magistrate Judge's recommendation to deny leave to amend the FDCPA claim. Because Plaintiff has essentially been granted two opportunities to amend its complaint, granting leave

to amend yet again would be futile. Therefore, any request for leave to amend the complaint is denied.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR, and Plaintiff and Defendant's Objections, the Court **AFFIRMS** the Decisions, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Defendant and Plaintiff's Objections. Accordingly, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the Motion to Dismiss. The FDCPA claim is hereby **DISMISSED with prejudice**. Any request for leave to amend the complaint is **DENIED**.

**SO ORDERED** on this **21st day of January 2026.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE